UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JEREMY X. GERALD,** | ) | **CASE NO. 5: 18 CV 414** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | <u>**OPINION AND ORDER**</u> |
| **AKRON BAR ASSOCIATION,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.:**</u>

**Introduction**

*Pro se* Plaintiff Jeremy X. Gerald, a convicted and sentenced state prisoner, has filed a Four-Count Civil Rights Complaint in this matter pursuant to 42 U.S.C. § 1983, alleging constitutional rights violations against the Akron Bar Association, the Summit County Prosecutor's Office, Summit County Court of Common Pleas Clerk Sandra Kurt and the Summit County Jail. (Doc. No. 1.) He alleges the conduct he complains of "resulted in [his] incarceration," and he seeks $ 4 million in damages. (*Id*. at 13.)

In Counts One and Two, he alleges the Akron Bar Association, through "various lawyers who practice criminal law defense in a private capacity" and who have been appointed or retained to represent criminal defendants in Summit County, and the Summit County Prosecutor's Office, through the "various attorneys who work for the office" are "conspiring" to "undermine, sabotage or otherwise leave defenseless the rights of all who are charged with criminal offenses in Summit County" and have "traded cases in an effort to gain leverage to negotiate plea agreements." (*Id*. at 12.)

In Count Three, he alleges that the Summit County Court of Common Please Clerk Sandra Kurt is liable for "tampering with evidence" and refusing to ensure that her office properly handles document filings and court notifications. (*Id.* at 13.)

In Count Four, he alleges that the Summit County Jail has "conspired" with the Prosecutor's Office to hold "those charged with offenses" in the County "for exorbitant bond amounts which are not proportional to any flight risk." (*Id.* at 14.)

The Plaintiff has filed a Motion to Proceed *In Forma Pauperis* (Doc. No. 2), which has been granted by separate order. He has also filed a Motion to Certify a Class. (Doc. No. 3.)

**Standard of Review**

Although filings by *pro se* litigants are liberally construed, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), federal district courts are required, under 28 U.S.C. §1915(e)(2)(B) to screen all *in forma pauperis* actions brought in Federal Court, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief from defendant

who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to state a claim on which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *See Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

## Discussion

The Court finds the Plaintiff's Complaint fails to allege any plausible claim under § 1983 and must be dismissed pursuant to §1915(e)(2)(B).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 486-87.

A favorable judgment on the Plaintiff's constitutional claims in this case, whatever they are against each Defendant, would necessarily impugn the validity of his outstanding criminal conviction for which he is presently incarcerated. The Plaintiff himself expressly states that the Defendants' alleged conduct "resulted in [his] incarceration." Accordingly, in

-3-

order for the Plaintiff to pursue a damages action under § 1983 based on the conduct he alleges and which resulted in his conviction, the Plaintiff must demonstrate that his conviction has been called into question or rendered invalid in one of the ways articulated in *Heck*. Nothing in the Plaintiff's Complaint suggests that his conviction has been so invalidated. Accordingly, the Plaintiff's constitutional claims in this case are all barred by *Heck* and must be dismissed for failure to state a claim. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).

Furthermore, the Plaintiff's Complaint fails to allege any plausible claim under § 1983 even if *Heck* did not bar his claims. Summit County Court of Common Pleas Clerk Kurt enjoys absolute immunity from suits seeking monetary damages on claims arising out of the performance of her quasi-judicial functions. *See Wappler v. Carniak*, 24 F. App'x 294, 295-96 (6th Cir. 2001); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (finding court clerk immune). The Summit County Jail is not *sui juris* and lacks capacity to be sued under § 1983. *See Jackson v. Mowry*, No. 1:12 CV 3083, 2013 WL 526916, at *3 (N.D. Ohio Feb. 11, 2013); *Boggs v. Miami Cty. Jail*, No. 3:11 CV 00122, 2011 WL 3813079, at *2 (S.D. Ohio Aug. 9, 2011) (a county jail "is merely an administrative vehicle" by which a county operates and therefore "lacks the capacity to be sued"), report and recommendation adopted, No. 3:11 CV 00122, 2011 WL 3813033 (S.D. Ohio Aug. 29, 2011). Additionally, the allegations in the Plaintiff's Complaint do not suggest that the misconduct he complains of came about pursuant to an unconstitutional policy, statement, regulation, decision or custom of Summit County itself, and it is well-established that a local government may be liable under § 1983 only when

its own official policy or custom inflicts the injury that forms the basis of the claim. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A private bar association is not a state actor that may be sued under § 1983. *See Jordan v. Kentucky*, Case No. 3:09 CV 424, 2009 WL 2163113, at *4 (W.D. Ky. July 16, 2009).

## Conclusion

For all of the reasons stated above, the Plaintiff's Complaint fails to state a plausible claim and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). His Motion to Certify a Class is denied. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                   **s/ Christopher A. Boyko**
                                   **CHRISTOPHER A. BOYKO**
                                   **United States District Judge**

**Dated:** June 14, 2018